**HAMMER v MINGES et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5362. Decided March 28, 1938

R. E. Simmonds, Jr., Cincinnati, for appellant.

Hauer & Topmoeller, Cincinnati, for appellees.

**OPINION**

By MATTHEWS, J

The notice of appeal in this case recites that it is on questions of fact as well as law, and an appeal bond was filed.

The petition asserted that the defendants held in trust for the plaintiff a bond of the par value of $1000.00 and $500 00 in money, of which the plaintiff asks an accounting less an indebtedness for board.

The defendants denied all the allegations relating to a trust.

A transcript of the evidence taken in the

Common Pleas Court was introduced by counsel in this court.

A reading of this transcript shows that the parties never intended to create a trust. The plaintiff testified that she delivered and gave to the defendants $500 in cash and a United States treasury certificate of the par value of $1000.00, in consideration of their promise to allow her to live at their home whenever she pleased during the remainder of her life.

The defendants testified that the money and bond were gifts and that they made no promise such as was claimed by the plaintiff.

It is manifest that this evidence presents no case for equitable intervention. The plaintiff's evidence tended to prove a contract and its breach, the remedy for which is either an action on the contract or for money had and received, both being actions at law. So other claim is made in the brief of the appellant.

The court, limited in hearings de novo on appeal, by the Constitution to chancery cases, cannot determine the issues raised by the evidence.

The appeal must be reduced to one on questions of law only, on which the validity and regularity of the judgment of the trial court is brought under review.

This situation would require, if the request is made, that the court give to the appellant not to exceed thirty days in which to file a bill of exceptions.

However, the court has read the transcript of the evidence and finds no substantial error in it, prejudicial to the appellant. The only question argued was the weight of the evidence and we cannot say that the judgment is manifestly against the weight of the evidence.

Unless the appellant desires time in which to file a bill of exceptions, the appeal will be reduced to one on questions of law, and the judgment affirmed.

ROSS, PJ, and HAMILTON, J, concur.